

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00198-CR

---

EDWIN ANTONIO OSORIO-LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 17927

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion on Remand by Justice van Cleef

## MEMORANDUM OPINION ON REMAND

Following a retrospective competency trial, the trial court determined that Edwin Antonio Osorio-Lopez was competent at his trial of conviction.[1] On appeal before this Court, we determined that the right to self-representation did not apply at the retrospective competency trial and that, as a result, the trial court erred in permitting Osorio-Lopez's attorney to withdraw without appointing new counsel to represent him at the retrospective competency trial. *Osorio-Lopez v. State*, 629 S.W.3d 487, 493 (Tex. App.—Texarkana 2021), *rev'd*, 2022 WL 2335394 (Tex. Crim. App. June 29, 2022). The Texas Court of Criminal Appeals held that this Court erred in reaching the self-representation issue because the trial court did not deny Osorio-Lopez's request to represent himself. *Osorio-Lopez v. State*, 2022 WL 2335394, at *1.

Having so concluded, and having rejected Osorio-Lopez's statutory arguments, the Texas Court of Criminal Appeals remanded to this Court to determine "whether Appellant was competent to waive counsel, and if so, whether he did so voluntarily, knowingly, and intelligently." The court continued, "Part of the latter inquiry requires examining the self-representation warnings. If they are insufficient, we have suggested that error might be subject to a harm analysis." *Id.* at *5 (citing *Williams v. State*, 252 S.W.3d 353, 358 n.38 (Tex. Crim. App. 2008)).

---

[1] Osorio-Lopez was convicted of evading arrest or detention with a vehicle and aggravated assault with a deadly weapon and was sentenced to concurrent ten-year and twenty-year sentences, respectively. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A), § 22.02 (Supp.)  In companion cause number 06-18-00197-CR, Osorio-Lopez appeals the trial court's retrospective competency determination in connection with his conviction of evading arrest or detention with a vehicle.

We addressed these issues in our opinion in Osorio-Lopez's companion appeal, cause number 06-18-00197-CR, styled *Edwin Antonio Osorio-Lopez v. The State of Texas*. For the reasons expressed in that opinion, we find that, in this case, Osorio-Lopez is, likewise, entitled to a new retrospective competency trial.

We reverse the trial court's competency determination and remand for a new retrospective competency trial. The trial court is instructed to appoint counsel—who will not be a potential witness at that trial—to represent Osorio-Lopez at the retrospective competency trial.

Charles van Cleef
Justice

Date Submitted:     March 28, 2023
Date Decided:       April 28, 2023

Do Not Publish